Craig Triance (SBN 161079)
LAW OFFICES OF CRAIG TRIANCE
515 Cabrillo Park Drive
Suite 160
Santa Ana, California 92701-5016
Telephone: (714) 664-0594
Facsimile: (714) 664-8862

Attorneys for Plaintiff,
SUNNY ETUKUDO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| SUNNY ETUKUDO, an individual, | ) Case No. |
|---|---|
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) VIOLATING THE FAIR CREDIT |
| vs. | ) REPORTING ACT |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, | ) **PLAINTIFF DEMANDS TRIAL BY JURY** |
| LLC, and DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF SUNNY ETUKUDO ALLEGES AS FOLLOWS:

**FACTS COMMON TO ALL ALLEGATIONS**

1.  This action arises under a federal statute, specifically the Federal Fair Credit Reporting Act, 15 USC Sec. 1681 et seq.

2.  Plaintiffs plead venue within this district. The plaintiff is a resident of this district, and the defendants, and each of them, has or is doing business within this district. Plaintiffs further pleads jurisdiction pursuant to the doctrine of *pendente* jurisdiction as to various related state causes of action.

-1-
COMPLAINT FOR DAMAGES FOR VIOLATING
THE FAIR CREDIT REPORTING ACT

3. Plaintiff SUNNY ETUKUDO is an individual, currently residing within Kern County and this district. All of the following facts are pled upon information and belief.

4. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio") is a foreign corporation authorized to do business in the State of California, incorporated in the State of Georgia, and does business in this judicial district and in Kern County.

5. Prior to May, 2009, plaintiff's credit report contained an entry pertaining to a credit card issued by MBNA, a major national credit card issuer. At some point, Bank of America either purchased MBNA or the debt; it is unclear to plaintiff.

6. Bank of America then sold the debt to defendant Portfolio. Portfolio then reported the debt as delinquent to the major credit reporting agencies: Experian, Transunion & Portfolio.

7. In April, 2009, plaintiff challenged the validity of the debt owed to Portfolio and requested validation of the debt. Portfolio responded by supplying plaintiff an affidavit of fraud, asserting that plaintiff was asserting fraud. Plaintiff made no such assertion; plaintiff was simply demanding debt verification as permitted by the Fair Credit Reporting Act. A true and correct copy of plaintiff's letter to Portfolio is attached hereto as Exhibit "A".

8. In May, 2009, plaintiff demanded debt validation for the Portfolio entry from, Experian, Transunion and Portfolio. Each of the credit reporting bureaus reported to plaintiff that defendant Portfolio had validated the debt.

9. On May 29, 2009, defendant Portfolio advised plaintiff that the account was being turned over to their attorney for further collection action. At no time has Portfolio validated the debt in any fashion whatsoever. A true and correct copy of the collection letter is attached hereto as Exhibit "B".

10. Plaintiff is informed and believes, and thereon alleges, that Portfolio's standards and practices on any disputed debt is not to provide the information; instead Portfolio issues a affidavit of fraud without conducting any investigation or verification whatsoever.

11. On or about March, 2009, plaintiff applied for a home loan refinance. The collection from Portfolio is still reported on the credit report obtained from defendant Portfolio. Based upon

COMPLAINT FOR DAMAGES FOR VIOLATING
THE FAIR CREDIT REPORTING ACT

1  said report of the repossession, plaintiff was again denied a home loan.

2

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT

12. Plaintiff repeats and incorporates paragraphs one to eleven as though set forth at length herein.

13. In this action, defendant Portfolio is a "consumer reporting agency" as defined in the Fair Credit Reporting Act.

14. Defendant Portfolio issued, assembled, transferred and published "consumer reports" regarding plaintiff, as defined in the Fair Credit Reporting Act.

15. Defendant Portfolio has continually added, stored, maintained, and disseminated personal and credit data about the plaintiff which is false, erroneous or misleading without employing procedures to insure the maximum possible accuracy of the plaintiff's consumer report and disseminated.

16. Defendant, Portfolio, failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by plaintiff and/or subscribers that such information was erroneous.

17. Defendant Portfolio, has continually posted false and harmful information to plaintiff's consumer credit reports without a reasonable investigation and without attempting to verify the debt as required by the Fair Credit Reporting Act.

18. Defendant Portfolio created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing defendant's actions.

19. Defendant Portfolio violated 15 USC 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report.

20. Defendant Portfolio violated 15 USC 1681(i) by:

    a. upon being notified by plaintiff and being supplied a letter by the original

-3-

      creditor, failed to remove a derogatory item from plaintiff's credit report.

  b. failing to review and consider all relevant information provided by plaintiff concerning his disputes, within the time frame permitted by law;

  c. after reinvestigation, failing to promptly delete the disputed items from plaintiff's credit report upon finding that the items were inaccurate or incomplete or could not be verified.

21. Defendant's violations as described above were willful.

22. Defendant's violations as described above were negligent.

23. Plaintiff has suffered actual damages as a result of defendant's violations, specifically denial of a home refinance loan, and is entitled to recover actual damages pursuant to 15 USC 1681(n) and/or 1681(o).

24. Plaintiff is entitled to recover the costs of action, together with reasonable attorney fees, pursuant to 15 USC 1681(n) and (o).

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CA. CIVIL CODE 1785.1 et seq.)

25. Plaintiff repeats and realleges paragraphs 1 through 26 as though set forth at length herein.

26. Defendant violated Civil Code Sec. 1785.14(b) by preparing a consumer credit report concerning plaintiff without following reasonable procedures to assure the maximum possible accuracy of the information contained therein.

27. Defendant violated Civil Code Sec. 1785.16(k) by failing to promptly and permanently block information on plaintiff's consumer credit report which plaintiff alleged appeared improperly, after receiving a copy of a valid redaction letter, and by failing to promptly notify the furnisher that the information had been permanently blocked.

28. Plaintiff has suffered actual damages as a result of defendant's unlawful acts,

-4-

1  including but not limited to pain and suffering.

2  29.  Defendant's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code Sec. 1785.31.

4  30.  Defendant's violations of the Consumer Credit Reporting Agencies Act was willful, entitling plaintiff to recover punitive damages of up to $5000 per violation, and any other relief the court deems proper, pursuant to Civil Code Sec. 1785.31.

7  31.  Plaintiff has been aggrieved by the defendant's violations described herein, and seeks injunctive relief to put an end to said violations on behalf of himself and other consumers pursuant to Civil Code Sec. 1785.31(d).

10  32.  Plaintiff is entitled to an award of attorney's fees and costs pursuant to Civil Code Sec. 1785.31(d).

WHEREFORE, plaintiff prays for the following relief:

1.  For actual damages as provided by statute;

2.  For statutory damages as provided by statute;

3.  For punitive damages as provided by statute;

4.  For injunctive relief, restitution, and/or disgorgement of ill-gotten gains;

5.  For prejudgment interest to the extent permitted by law;

6.  For an award of attorney's fees, costs and expenses incurred in the investigation, Filing and prosecution of this action, as provided by statute;

7.  For such other and further relief as the Court deems just and proper.

DATED: August 5, 2009

LAW OFFICES OF CRAIG TRIANCE

By _____
Craig Triance

Attorneys for Plaintiff, SUNNY ETUKUDO

-5-

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury pursuant to Local Rules.

DATED: August 5, 2009            LAW OFFICES OF CRAIG TRIANCE

By _____
Craig Triance

Attorneys for Plaintiff, SUNNY ETUKUDO