IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUNNY ETUKUDO, | ) | 1:09-cv-01472-LJO-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER REQUIRING COUNSEL TO** |
| | ) | **PERSONALLY APPEAR AND SHOW** |
| vs. | ) | **CAUSE WHY CASE SHOULD NOT** |
| | ) | **BE DISMISSED FOR LACK OF** |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | **PROSECUTION** |
| | ) | |
| Defendant. | ) | Date:  3/19/10 |
| | ) | Time:  9:30 a.m. |
| | | Ctrm:  7 |

   This matter was initially set for a Mandatory Scheduling Conference on December 2, 2009 at 9:15 a.m. before the Honorable Sandra M. Snyder, United States Magistrate Judge, pursuant to the court's Order Setting Mandatory Scheduling Conference (Doc. 5).

   On November 23, 2009, due to the press of business, the Court continued the Scheduling Conference from December 2, 2009 to January 12, 2010 at 9:15 a.m. before Judge Snyder via Minute Order (Doc. 7).

   On or about January 5, 2010, in response to court staff inquiry, plaintiff's counsel verbally requested a further continuance to mid-February to engage in settlement negotiations. Therefore, the Scheduling Conference was hesitantly continued from

January 12, 2010 to February 24, 2010 at 9:30 a.m. before Judge Snyder via Minute Order (Doc. 8).

On February 24, 2010, plaintiff's counsel did not telephonically appear at 9:30 a.m. or otherwise contact the court. In fact, court staff telephoned counsel's office on February 24, 2010 at approximately 3:30 p.m., and was advised by counsel's staff person that counsel tried to call into the court that morning, but could not get through, which is not a reasonable explanation as the Court has two (2) rollover telephone lines directly to chambers. Nevertheless, and to date, plaintiff's counsel has not contacted the court or otherwise filed any document explaining his non-appearance on February 24, 2010.

Therefore, a review of the instant action indicates that plaintiff, by and through counsel, is not diligently prosecuting this case.[1]  The court possesses the discretionary authority to dismiss an action based on plaintiff's failure to prosecute diligently. Fed. R. Civ. P. 41(b); Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial ¶ 16:431 (1997).  Unreasonable delay by plaintiff is sufficient to justify dismissal, even in the absence of actual prejudice to the defendant (Moore v. Telfon Communications Corp., 589 F.2d 959, 967-68 (9th Cir. 1978)) since a presumption of injury arises from the occurrence of unreasonable delay.  Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Plaintiff then has the burden of showing justification for the delay and, in the absence of such showing, the case is properly dismissed for failure to

---

[1] Defendant has yet to be served.

2

prosecute. Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275 (9th Cir. 1980).

**IT IS HEREBY ORDERED:**

1. That Craig R. Triance, Esq., **personally appear** for a hearing on March 19, 2010, at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor of the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA, 93721, and appear before the Honorable Sandra M. Snyder, United States Magistrate Judge, and show cause why this case should not be dismissed for lack of prosecution.

2. If there are any reasons why this action should not be dismissed, counsel shall submit them in a sworn declaration of facts, to be e-filed on or before March 12, 2010, to which a supporting memorandum of law may be appended, to include:

   (A) an explanation of the lack of activity in this case;

   (B) an explanation of counsel's non-appearance on February 24, 2010; and,

   (C) shall list each specific step counsel plans to take to prepare this case for trial, and even for scheduling.

Counsel is advised that a failure to comply with and/or respond to this order will result in a recommendation to the District Judge that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 3, 2010**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE